UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRANCH BANKING AND TRUST,

Plaintiff,

v.

EAST JERSEY COMMERCIAL, LLC,

Defendant.

Civil Action No. 19-13940 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiff Branch Banking and Trust's ("Plaintiff")
Motion for Default Judgment against East Jersey Commercial, LLC ("Defendant"). (ECF No. 6.)
Plaintiff brought suit against Defendant for breach of contract, seeking to collect a delinquent
promissory note issued to Defendant on August 28, 2008. (Compl. ¶ 19, ECF No. 1.)

Federal Rule of Civil Procedure 55 allows a court "to enter a default judgment against a
properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v.
Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). "A court obtains personal jurisdiction over
the parties when the complaint and summons are properly served upon the defendant. Effective
service of process is therefore a prerequisite to proceeding further in a case." *Lampe v. Xouth, Inc.*,
952 F.2d 697, 700–01 (3d Cir. 1991). An unincorporated association, such as a limited liability
company, must be served by "delivering a copy of the summons and of the complaint to an officer,
a managing or general agent, or any other agent authorized by appointment or by law to receive
service of process." Fed. R. Civ. P. 4(h)(1)(B).

Plaintiff's Complaint alleges that Defendant "is a Delaware limited liability corporation
[sic] organized to do business in the State of New Jersey with its principal place of business at

29 Hulse Landing Road, Brick, New Jersey 08723." (Compl. ¶ 2.) Plaintiff requested that the Clerk issue a summons for Defendant, care of Anthony Carlini of Handel & Carlini, LLP located at 85 Civic Center Plaza, Suite 201A in Poughkeepsie, New York. (ECF No. 1-6.) Plaintiff's Acknowledgement of Service filed with the Court states that Plaintiff served process personally upon Defendant at 39 Hornbeck Ridge in Poughkeepsie, New York, but does not specify who was personally served. (ECF No. 4.) Plaintiff's Certificates of Service accompanying its Motion for Default and its Motion for Default Judgment state that the motions were sent via Certified U.S. Mail to "Trish Beck c/o [Defendant]" at 39 Hornbeck Ridge in Poughkeepsie, New York. (Certificate of Service, Mot. Default, ECF No. 5-2; Certificate of Service, Mot. Default J., ECF No. 6-12.)

In support of its Motion for Default Judgment, Plaintiff only states that it "caused Defendant to be served with a copy of the Summons, Complaint[,] and related documents by process server. Service of process was accomplished as to Defendant . . . ." (Carobus Cert. ¶ 4, ECF No. 6-4; *see also* Pl.'s Moving Br. 2, ECF No. 6-2.) Plaintiff, however, fails to specify whether either Anthony Carlini or Trish Beck is an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1)(B), and fails to provide any other sufficient basis for the Court to determine that service upon either Anthony Carlini or Trish Beck allows this Court to exercise jurisdiction over Defendant.

Because Defendant is an unincorporated business entity, and Plaintiff fails to provide adequate proofs that Plaintiff properly served process upon Defendant, the Court is unable to determine its jurisdiction over Defendant. As the issue of service is a threshold issue, the Court does not reach other potential issues with Plaintiff's Motion.

Based on the foregoing,

**IT IS** on this _15_<sup>th</sup> day of April 2020, hereby **ORDERED** that:

1.  Plaintiff's Motion for Default Judgment (ECF No. 6) is **DENIED** without prejudice.

2.  By **May** _15_<sup>th</sup> **2020**, Plaintiff may either serve Defendant or file a renewed motion for default judgment accompanied by a Certification that provides a sufficient basis for the Court to determine its jurisdiction over Defendant.

3.  Plaintiff must serve a copy of this Order upon Defendant by **May** _15_<sup>th</sup>**, 2020** and file proof of service with the Court.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE